Justin E. Rawlins (*pro hac vice* pending)
Daniel J. McGuire (*pro hac vice* pending)
Carrie V. Hardman
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10016
Tel:  (212) 294-6700
Fax:  (212) 294-4700
*Proposed Counsel to the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, | Case No. 18-11358 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 25-1910844 | |
| In re: | Chapter 11 |
| 21 & OVER PRODUCTIONS, LLC, | Case No. 18-11304 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-2717796 | |
| In re: | Chapter 11 |
| 3 DAYS TO KILL PRODUCTIONS, LLC, | Case No. 18-11302 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5455747 | |
| In re: | Chapter 11 |
| ARMORED CAR PRODUCTIONS, LLC, | Case No. 18-11305 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1492750 | |
| In re: | Chapter 11 |
| BEST OF ME PRODUCTIONS, LLC, | Case No. 18-11306 (MEW) |
| Debtor. | |

Fed. Tax Id. No. 46-3731490

| | |
|---|---|
| In re: | Chapter 11 |
| BLACK OR WHITE FILMS, LLC, | Case No. 18-11307 (MEW) |
| Debtor. | |

Fed. Tax Id. No. 47-2086718

| | |
|---|---|
| In re: | Chapter 11 |
| BLACKBIRD PRODUCTIONS, LLC, | Case No. 18-11308 (MEW) |
| Debtor. | |

Fed. Tax Id. No. 80-0908037

| | |
|---|---|
| In re: | Chapter 11 |
| BRICK MANSIONS ACQUISITIONS, LLC, | Case No. 18-11309 (MEW) |
| Debtor. | |

Fed. Tax Id. No. 46-2403910

| | |
|---|---|
| In re: | Chapter 11 |
| DON JON ACQUISITIONS, LLC, | Case No. 18-11310 (MEW) |
| Debtor. | |

Fed. Tax Id. No. 46-1887951

| | |
|---|---|
| In re: | Chapter 11 |
| DR PRODUCTIONS, LLC, | Case No. 18-11311 (MEW) |
| Debtor. | |

Fed. Tax Id. No. 46-5767803

| | |
|---|---|
| In re: | Chapter 11 |
| FURNACE FILMS, LLC, | Case No. 18-11312 (MEW) |
| Debtor. | |

Fed. Tax Id. No. 45-2563558

| | |
|---|---|
| In re: | Chapter 11 |
| MALAVITA PRODUCTIONS, LLC, | Case No. 18-11313 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5458636 | |
| In re: | Chapter 11 |
| MOVIE PRODUCTIONS, LLC, | Case No. 18-11314 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 01-0939860 | |
| In re: | Chapter 11 |
| PARANOIA ACQUISITIONS, LLC, | Case No. 18-11315 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5248747 | |
| In re: | Chapter 11 |
| PHANTOM ACQUISITIONS, LLC, | Case No. 18-11316 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-2766381 | |
| In re: | Chapter 11 |
| RELATIVE MOTION MUSIC, LLC, | Case No. 18-11317 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 90-0488016 | |
| In re: | Chapter 11 |
| RELATIVE VELOCITY MUSIC, LLC, | Case No. 18-11318 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 80-0357169 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY DEVELOPMENT, LLC, | Case No. 18-11319 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-3215296 | |
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, | Case No. 18-11291 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-3954571 | |
| In re: | Chapter 11 |
| RELATIVITY FILMS, LLC, | Case No. 18-11320 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 36-4615464 | |
| In re: | Chapter 11 |
| RELATIVITY FOREIGN, LLC, | Case No. 18-11321 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1178993 | |
| In re: | Chapter 11 |
| RELATIVITY HOLDINGS LLC, | Case No. 18-11322 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-3867052 | |
| In re: | Chapter 11 |
| RELATIVITY JACKSON ,LLC, | Case No. 18-11323 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-3766116 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA DISTRIBUTION, LLC, | Case No. 18-11324 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-2620264 | |
| In re: | Chapter 11 |
| RELATIVITY MEDIA FILMS, LLC, | Case No. 18-11325 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-4061574 | |
| In re: | Chapter 11 |
| RELATIVITY MUSIC GROUP, LLC, | Case No. 18-11326 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-2489540 | |
| In re: | Chapter 11 |
| RELATIVITY PRODUCTION LLC, | Case No. 18-11327 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 20-8217891 | |
| In re: | Chapter 11 |
| RELATIVITY ROGUE, LLC, | Case No. 18-11328 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-3873333 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS I, LLC, | Case No. 18-11329 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-1349406 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML ACQUISITIONS II, LLC, | Case No. 18-11330 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-1539810 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS III, LLC, | Case No. 18-11331 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-2749116 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS IV, LLC, | Case No. 18-11332 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-2994997 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS V, LLC, | Case No. 18-11334 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5619532 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS VI, LLC, | Case No. 18-11335 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1269640 | |
| In re: | Chapter 11 |
| RML ACQUISITONS VII, LLC, | Case No. 18-11336 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1407747 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML ACQUISITIONS VIII, LLC, | Case No. 18-11337 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1687459 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS IX, LLC, | Case No. 18-11333 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-5114410 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS X, LLC, | Case No. 18-11338 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 47-1401009 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS XI, LLC, | Case No. 18-11339 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 47-1622651 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS XIII, LLC, | Case No. 18-11340 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 47-2279614 | |
| In re: | Chapter 11 |
| RMLDD FINANCING, LLC, | Case No. 18-11353 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 61-1689114 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML DESERT FILMS, LLC, | Case No. 18-11341 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-5024564 | |
| In re: | Chapter 11 |
| RML DISTRIBUTION DOMESTIC, LLC, | Case No. 18-11292 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-3506528 | |
| In re: | Chapter 11 |
| RML DISTRIBUTION INTERNATIONAL, LLC, | Case No. 18-11342 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-3506749 | |
| In re: | Chapter 11 |
| RML ECHO FILMS, LLC, | Case No. 18-11343 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-3144656 | |
| In re: | Chapter 11 |
| RML FILM DEVELOPMENT, LLC, | Case No. 18-11344 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-2473567 | |
| In re: | Chapter 11 |
| RML HECTOR FILMS, LLC, | Case No. 18-11345 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-5066054 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML INTERNATIONAL ASSETS, LLC, | Case No. 18-11346 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-4661910 | |
| In re: | Chapter 11 |
| RML NOVEMBER FILMS, LLC, | Case No. 18-11347 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-5079701 | |
| In re: | Chapter 11 |
| RML OCULUS FILMS, LLC, | Case No. 18-11348 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-3682596 | |
| In re: | Chapter 11 |
| RML ROMEO AND JULIET FILMS, LLC, | Case No. 18-11350 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-2869509 | |
| In re: | Chapter 11 |
| RML TURKEYS FILMS, LLC, | Case No. 18-11351 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5248898 | |
| In re: | Chapter 11 |
| RML WIB FILMS, LLC, | Case No. 18-11352 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 47-1780102 | |

| | |
|---|---|
| In re: | Chapter 11 |
| ROGUE DIGITAL, LLC, | Case No. 18-11301 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 35-2375578 | |
| In re: | Chapter 11 |
| ROGUE GAMES, LLC, | Case No. 18-11354 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-1733442 | |
| In re: | Chapter 11 |
| ROGUELIFE LLC, | Case No. 18-11355 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-1733442 | |
| In re: | Chapter 11 |
| SAFE HAVEN PRODUCTIONS, LLC, | Case No. 18-11356 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-3326550 | |
| In re: | Chapter 11 |
| SNOW WHITE PRODUCTIONS, LLC, | Case No. 18-11358 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-3833175 | |

**DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE JOINT
ADMINISTRATION OF THEIR CHAPTER 11 CASES AND (B) WAIVING
REQUIREMENTS OF SECTION 342(C)(1) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 2002(n)**

Relativity Media, LLC ("**Relativity Media**" or "**RML**") and its affiliated debtors

and debtors-in-possession (collectively, the "**Debtors**"), hereby submit this motion (the

"**Motion**"), by and through their undersigned proposed counsel, for the entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing (a)

the joint administration of the Debtors' chapter 11 cases and (b) waiving the requirements that the

captions and certain notices in these chapter 11 cases contain identifying information with respect

to each Debtor.  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference from the United States District Court for

the Southern District of New York*, dated January 31, 2012.  This matter is a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§

1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a) and

342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**")

and rules 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy

Rules**").

## BACKGROUND

3.      May 3, 2018 (the "**Petition Date**"), each of the Debtors filed a voluntary petition

in this Court for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Petitions**").

The Debtors continue to operate their businesses and manage their properties as debtors-in-

1

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  To date, no trustee,

examiner or statutory committee of creditors has been appointed in these chapter 11 cases.

4.      The Debtors operate a portfolio of major studio quality film assets with the

capabilities and infrastructure to produce and distribute new content.   Additional factual

background relating to the Debtors' businesses and the commencement of these chapter 11 cases

is set forth in the *Declaration of Colin Adams in Support of Joint Administration of the Debtors'*

*Chapter 11 Cases* (the "**Adams Joint Administration Declaration**") attached hereto as **Exhibit**

**B**.

## RELIEF REQUESTED

5.      The Debtors request the entry of the Proposed Order, which authorizes (a) the joint

administration of the Debtors' chapter 11 cases for procedural purposes only under the case

number assigned to Debtor RML and (b) wavier of certain requirements contained in Bankruptcy

Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case caption and certain notices in

the chapter 11 cases contain certain identifying information with respect to each Debtor.   In

addition, the Debtors request that the jointly administered cases be administered under the

following caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases* [Docket No. [_]] and (b) at www.cases.primeclerk.com/relativity.  The location of Relativity Media LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

2

6.      The Debtors also request that an entry be made on the docket of each of the Debtors'

chapter 11 cases (other than Debtor RML) that is substantially similar to the following:

> An order has been entered in this case under rule 1015(b) of the Federal
> Rules of Bankruptcy Procedure directing the procedural consolidation and
> joint administration of the chapter 11 cases of Relativity Holdings LLC and
> Relativity Media, LLC and their direct and indirect debtor subsidiaries.  All
> further pleadings and other papers shall be filed in, and all further docket
> entries shall be made in the docket of Relativity Media, LLC, Case No. 18-
> 11358 (MEW) and such docket should be consulted for all matters affecting
> this case.

7.      Finally, the Debtors seek authority to file, on a consolidated basis, the monthly

operating reports required by the Operating Guidelines and Reporting Requirements for Debtors

in Possession and Trustees, issued by the Office of the United States Trustee for the Southern

District of New York (the "**U.S. Trustee**").  The Debtors shall track and break out disbursements

for each or any group of the Debtors in the same manner as prior to the Petition Date.

### BASIS FOR RELIEF

8.      Section 105(a) of the Bankruptcy Code states that a bankruptcy court "may issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]."  *See* 11 U.S.C. § 105(a).  Pursuant to Bankruptcy Rule 1015(b), if "two or

more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court

may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).

9.      As is set forth in the Adams Joint Administration Declaration and the corporate

ownership statements accompanying each of the Petitions, the Debtors are "affiliates" of each

other as that term is defined in section 101(2) of the Bankruptcy Code because each of the Debtors

is 100% owned, directly or indirectly, by Debtor Relativity Media.  Accordingly, the Bankruptcy

Code and the Bankruptcy rules authorize the Court to grant the relief requested herein.

10.     The Debtors' financial affairs and business operations are interrelated.  Granting the requested relief will promote the fair and efficient administration of these chapter 11 cases. The Debtors estimate that, among the 58 Debtor entities, there are more than 1,000 creditors and other parties in interest in these chapter 11 cases, whose interests may not be limited to interests in any one particular Debtor.  Many of the Debtors share a number of financial and operational systems.  As a result, many of the motions, hearings and orders that will arise in the Debtors' chapter 11 cases will affect each and every Debtor.

11.     The joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to utilize a single general docket for the Debtors' cases and combine notices to creditors of the Debtors' respective estates and other parties in interest.  In addition, the joint administration of the Debtors' chapter 11 cases will significantly reduce the volume of pleadings that would otherwise be filed with the Clerk of this Court, thereby reducing fees and costs by avoiding duplicative filings, objections and hearings.  The joint administration of the Debtors' chapter 11 cases will also allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12.     As discussed above, the joint administration of the Debtors' chapter 11 cases will, among other things, (i) allow for the efficient and convenient administration of the Debtors' chapter 11 cases and (ii) yield significant cost savings that will inure to the benefit of all interested parties.  Moreover, the joint administration of the Debtors' chapter 11 cases will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Debtors' estates.  As such, if this Motion is approved, each creditor will continue to hold its claim against a particular Debtor's estate.

13.     Furthermore, a waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the Debtors' caption and other notices mailed in these chapter 11 cases include the Debtors' tax identification number and other identifying information relating to the Debtors is appropriate in these chapter 11 cases. Bankruptcy Rule 2002(n) provides that notices under Bankruptcy Rule 2002 contain certain information, including, without limitation, the tax identification number of each Debtor and any other names used by the Debtors in the previous eight years. Fed. R. Bankr. P. 2002(n).

14.     The Debtors submit that use of the proposed consolidated simplified caption without tax identification numbers and previous names will ensure a uniformity of pleading identification. All pleadings filed and each notice mailed by the Debtors will include a footnote noting the location containing a listing all of the Debtors and the last four digits of their tax identification numbers. Moreover, the full tax identification numbers will be listed in the petitions for each Debtor, and such petitions are publicly available to all parties-in-interest, including on a website to be maintained by the Debtors' proposed claims and noticing agent,[2] and will be provided by the Debtors upon request. A waiver of the requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) is, thus, purely procedural in nature and will not affect the rights of parties-in-interest.

15.     Accordingly, the Debtors submit that the joint administration of their chapter 11 cases and waiver of the requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) is in the best interest of the Debtors, their creditors and other parties-in-interest.

---

[2] The Debtors will, in short order, file an application seeking to retain Prime Clerk LLC as their claims and noticing agent.

## NOTICE

16.     No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.  The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent (and if there is no agent, counsel to the lender(s)) under each of the Debtors' pre-petition financing facilities; (d) counsel to the DIP Lender and the Prepetition Secured Note Lender (each term as defined in the Interim Order[3]); (e) the Internal Revenue Service; (f) all parties that have requested notice in this proceeding pursuant to Bankruptcy Rule 2002; and (g) all parties entitled to notice pursuant to Local Rule 9013-1(b).  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## NO PRIOR REQUEST

17.     The Debtors have not previously sought the relief requested herein from this or any other court.

---

[3] As used herein, Interim Order means that certain proposed *Interim Order: (I) Authorizing Debtors to Obtain Secured Post-Petition Financing and Use Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* filed contemporaneously with this Motion.

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting

the relief requested herein and such other and further relief as the Court may deem just and proper.


Dated: May 7, 2018           **WINSTON & STRAWN LLP**
New York, New York

By: */s/ Carrie V. Hardman*
Justin E. Rawlins (*pro hac vice* pending)
Daniel J. McGuire (*pro hac vice* pending)
Carrie V. Hardman
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, NY 10166
Tel:  (212) 294-6700
Fax:  (212) 294-4700
*Proposed Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, | Case No. 18-11358 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 25-1910844 | |
| In re: | Chapter 11 |
| 21 & OVER PRODUCTIONS, LLC, | Case No. 18-11304 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-2717796 | |
| In re: | Chapter 11 |
| 3 DAYS TO KILL PRODUCTIONS, LLC, | Case No. 18-11302 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5455747 | |
| In re: | Chapter 11 |
| ARMORED CAR PRODUCTIONS, LLC, | Case No. 18-11305 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1492750 | |
| In re: | Chapter 11 |
| BEST OF ME PRODUCTIONS, LLC, | Case No. 18-11306 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-3731490 | |

| | |
|---|---|
| In re: | Chapter 11 |
| BLACK OR WHITE FILMS, LLC, | Case No. 18-11307 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 47-2086718 | |
| In re: | Chapter 11 |
| BLACKBIRD PRODUCTIONS, LLC, | Case No. 18-11308 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 80-0908037 | |
| In re: | Chapter 11 |
| BRICK MANSIONS ACQUISITIONS, LLC, | Case No. 18-11309 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-2403910 | |
| In re: | Chapter 11 |
| DON JON ACQUISITIONS, LLC, | Case No. 18-11310 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1887951 | |
| In re: | Chapter 11 |
| DR PRODUCTIONS, LLC, | Case No. 18-11311 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-5767803 | |
| In re: | Chapter 11 |
| FURNACE FILMS, LLC, | Case No. 18-11312 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-2563558 | |

| | |
|---|---|
| In re: | Chapter 11 |
| MALAVITA PRODUCTIONS, LLC, | Case No. 18-11313 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5458636 | |
| In re: | Chapter 11 |
| MOVIE PRODUCTIONS, LLC, | Case No. 18-11314 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 01-0939860 | |
| In re: | Chapter 11 |
| PARANOIA ACQUISITIONS, LLC, | Case No. 18-11315 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5248747 | |
| In re: | Chapter 11 |
| PHANTOM ACQUISITIONS, LLC, | Case No. 18-11316 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-2766381 | |
| In re: | Chapter 11 |
| RELATIVE MOTION MUSIC, LLC, | Case No. 18-11317 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 90-0488016 | |
| In re: | Chapter 11 |
| RELATIVE VELOCITY MUSIC, LLC, | Case No. 18-11318 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 80-0357169 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY DEVELOPMENT, LLC, | Case No. 18-11319 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-3215296 | |
| In re: | Chapter 11 |
| RELATIVITY FASHION, LLC, | Case No. 18-11291 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-3954571 | |
| In re: | Chapter 11 |
| RELATIVITY FILMS, LLC, | Case No. 18-11320 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 36-4615464 | |
| In re: | Chapter 11 |
| RELATIVITY FOREIGN, LLC, | Case No. 18-11321 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1178993 | |
| In re: | Chapter 11 |
| RELATIVITY HOLDINGS LLC, | Case No. 18-11322 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-3867052 | |
| In re: | Chapter 11 |
| RELATIVITY JACKSON ,LLC, | Case No. 18-11323 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-3766116 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA DISTRIBUTION, LLC, | Case No. 18-11324 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-2620264 | |
| In re: | Chapter 11 |
| RELATIVITY MEDIA FILMS, LLC, | Case No. 18-11325 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-4061574 | |
| In re: | Chapter 11 |
| RELATIVITY MUSIC GROUP, LLC, | Case No. 18-11326 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-2489540 | |
| In re: | Chapter 11 |
| RELATIVITY PRODUCTION LLC, | Case No. 18-11327 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 20-8217891 | |
| In re: | Chapter 11 |
| RELATIVITY ROGUE, LLC, | Case No. 18-11328 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 26-3873333 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS I, LLC, | Case No. 18-11329 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-1349406 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML ACQUISITIONS II, LLC, | Case No. 18-11330 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-1539810 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML ACQUISITIONS III, LLC, | Case No. 18-11331 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-2749116 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML ACQUISITIONS IV, LLC, | Case No. 18-11332 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-2994997 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML ACQUISITIONS V, LLC, | Case No. 18-11334 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5619532 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML ACQUISITIONS VI, LLC, | Case No. 18-11335 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1269640 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML ACQUISITONS VII, LLC, | Case No. 18-11336 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1407747 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML ACQUISITIONS VIII, LLC, | Case No. 18-11337 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-1687459 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS IX, LLC, | Case No. 18-11333 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-5114410 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS X, LLC, | Case No. 18-11338 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 47-1401009 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS XI, LLC, | Case No. 18-11339 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 47-1622651 | |
| In re: | Chapter 11 |
| RML ACQUISITIONS XIII, LLC, | Case No. 18-11340 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 47-2279614 | |
| In re: | Chapter 11 |
| RMLDD FINANCING, LLC, | Case No. 18-11353 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 61-1689114 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML DESERT FILMS, LLC, | Case No. 18-11341 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-5024564 | |
| In re: | Chapter 11 |
| RML DISTRIBUTION DOMESTIC, LLC, | Case No. 18-11292 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-3506528 | |
| In re: | Chapter 11 |
| RML DISTRIBUTION INTERNATIONAL, LLC, | Case No. 18-11342 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-3506749 | |
| In re: | Chapter 11 |
| RML ECHO FILMS, LLC, | Case No. 18-11343 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-3144656 | |
| In re: | Chapter 11 |
| RML FILM DEVELOPMENT, LLC, | Case No. 18-11344 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-2473567 | |
| In re: | Chapter 11 |
| RML HECTOR FILMS, LLC, | Case No. 18-11345 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-5066054 | |

| | |
|---|---|
| In re: | Chapter 11 |
| RML INTERNATIONAL ASSETS, LLC, | Case No. 18-11346 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-4661910 | |
| In re: | Chapter 11 |
| RML NOVEMBER FILMS, LLC, | Case No. 18-11347 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-5079701 | |
| In re: | Chapter 11 |
| RML OCULUS FILMS, LLC, | Case No. 18-11348 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-3682596 | |
| In re: | Chapter 11 |
| RML ROMEO AND JULIET FILMS, LLC, | Case No. 18-11350 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 46-2869509 | |
| In re: | Chapter 11 |
| RML TURKEYS FILMS, LLC, | Case No. 18-11351 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-5248898 | |
| In re: | Chapter 11 |
| RML WIB FILMS, LLC, | Case No. 18-11352 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 47-1780102 | |

| | |
|---|---|
| In re: | Chapter 11 |
| ROGUE DIGITAL, LLC, | Case No. 18-11301 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 35-2375578 | |
| In re: | Chapter 11 |
| ROGUE GAMES, LLC, | Case No. 18-11354 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-1733442 | |
| In re: | Chapter 11 |
| ROGUELIFE LLC, | Case No. 18-11355 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-1733442 | |
| In re: | Chapter 11 |
| SAFE HAVEN PRODUCTIONS, LLC, | Case No. 18-11356 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 45-3326550 | |
| In re: | Chapter 11 |
| SNOW WHITE PRODUCTIONS, LLC, | Case No. 18-11358 (MEW) |
| Debtor. | |
| Fed. Tax Id. No. 27-3833175 | |

## ORDER (A) AUTHORIZING THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES AND (B) WAIVING REQUIREMENTS OF SECTION 342(C)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2002(n)

Upon the *Debtors' Motion for an Order (A) Authorizing the Joint Administration of Their Chapter 11 Cases and (B) Waiving Requirements Of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) Authorizing the Joint Administration of their Chapter 11 Cases* (the

"**Motion**")[1]; and upon consideration of the Adams Joint Administration Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that, except as otherwise ordered herein, no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), each of the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 18-11358 (MEW).

3.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of these chapter 11 cases or create any other implication regarding the separateness (or lack of separateness) of the Debtors' estates for any purpose.

4.      The caption of the jointly administered cases should read as follows:

---

[1] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[2] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |

5.    All pleadings and notices shall be captioned as indicated in the preceding paragraph, and all original docket entries shall be made in the case of *In re Relativity Media, LLC*, Case No. 18-11358 (MEW).

6.    A docket entry shall be made in each of the Debtors' cases (except that of Debtor Relativity Media) substantially similar to the following:

> An order has been entered in this case under rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Relativity Holdings LLC and Relativity Media, LLC and their direct and indirect debtor subsidiaries. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Relativity Media, LLC, Case No. 18-11358 (MEW) and such docket should be consulted for all matters affecting this case.

7.    The requirements under section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in the chapter 11 cases include the Debtors' tax identification numbers and other identifying information about the Debtors are hereby waived. The Debtors shall include in all pleadings filed and each notice mailed by the Debtors a footnote noting the location for a listing of all of the Debtors and the last four digits of their tax identification numbers.

---

[2] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order Authorizing Joint Administration of the Debtors' Chapter 11 Cases* [Docket No. [_]] and (b) at www.cases.primeclerk.com/relativity. The location of Relativity Media LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

8.      One consolidated docket, one file and one consolidated service list shall be maintained by the Debtors and kept by the clerk of the Court with the assistance of the notice and claims agent to be retained by the Debtors in these chapter 11 cases.

9.      The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees*, issued by the Executive Office of United States Trustees (rev. 11/27/13), by consolidating the information required for each debtor in one report that tracks and breaks out all of the specific information, e.g. receipts, disbursements, etc., on a Debtor-by-Debtor basis in each monthly operating report.

10.      This Order shall apply to any future filing of any affiliate of the Debtors, provided, however, the Debtors shall file notice with the Court identifying the cases of such affiliates and stating that this Order shall apply to such cases.

11.      The requirements set forth in Local Rule 9013-l(b) are satisfied.

12.      The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

13.      This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

14.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:  May ___, 2018
        New York, New York

                                    _____
                                    THE HONORABLE MICHAEL E. WILES
                                    UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Adams Joint Administration Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, *et al.*,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Joint Administration Requested) |

**DECLARATION OF COLIN ADAMS IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER (A) AUTHORIZING THE JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES AND (B) WAIVING REQUIREMENTS OF SECTION 342(C)(1) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2002(n)**

I, Colin M. Adams, hereby declare under penalty of perjury as follows

1.      I am the Chief Restructuring Officer ("**CRO**") of the debtors and debtors-in-possession (the "**Debtors**"), which include Relativity Media, LLC ("**Relativity Media**" or "**RML**") and its parent company, Relativity Holdings LLC ("**Relativity Holdco**"). I am also the CRO of the various non-Debtor subsidiaries of RML, both direct and indirect (the "**Non-Debtor Subsidiaries**").[2] Accordingly, I am authorized to submit this declaration (this "**Declaration**") on behalf of the Debtors. This Declaration is made in support of the *Debtors' Motion for an Order (A) Authorizing the Joint Administration of Their Chapter 11 Cases and (B) Waiving Requirements Of Section 342(C)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) Authorizing the Joint Administration of their Chapter 11 Cases* (the "**Motion**").

2.      Except as otherwise indicated herein, I have personal knowledge of the matters and issues set forth herein or have gained knowledge of such matters from my review of the relevant

---

[1] Each of the Debtors in the above-captioned jointly administered chapter 11 cases and their respective tax identification numbers are set forth (a) in the Motion for an Order Authorizing the Joint Administration of Their Chapter 11 Cases, filed concurrently herewith, and (b) at www.cases.primeclerk.com/relativity. The location of Relativity Media LLC's corporate headquarters and the Debtors' service address is: 9242 Beverly Blvd #300, Beverly Hills, CA 90210.

[2] The Debtors and the Non-Debtor Subsidiaries are referred to herein collectively as "**Relativity**" or the "**Relativity Group**."

documents, or from information provided to me or verified by the Debtors' management, other employees, and/or professional advisors.  If called upon to testify, I would testify competently to the facts set forth herein.

## BACKGROUND AND JOINT ADMINISTRATION

3.       On May 3, 2018, each of the Debtors filed a chapter 11 petition for relief under the Bankruptcy Code.

4.       Relativity is a privately-held entertainment company with an integrated and diversified global media platform that historically has provided, among other things, film financing, production and distribution.  Today, the Debtors operate a portfolio of major studio-quality film assets with the capabilities and infrastructure to produce and distribute new content.

5.       The Relativity Group operates its businesses through separate, but affiliated companies that are generally organized by business lines or units.  Relativity Holdco is the ultimate parent company in the Relativity Group.  Relativity Holdco owns 100% of the equity of Relativity Media.

6.       Relativity Media is the Relativity Group's main operating company, and is the direct or indirect owner of each of the other companies in the Relativity Group, including all of the Debtors other than Relativity Holdco and (of course) Relativity Media.  Organizational charts denoting the ownership structure of the Debtors is attached hereto as Exhibit 1.

7.       By the Motion, the Debtors seek authorization to jointly administer these chapter 11 cases for procedural purposes only.  Many of the motions, applications, hearings and orders that will arise in these chapter 11 cases will jointly affect each Debtor.  Thus, the Debtors believe the interests of the various Debtors, their estates, their creditors and other parties in interest would be best served by the joint administration of these chapter 11 cases for procedural purposes only.

I believe that joint administration of these chapter 11 cases will reduce fees and costs, avoid needless duplicative filings and enable a more efficient and economical administration of the chapter 11 cases.  Joint administration likely also relieves the Court from the burden of entering duplicative orders and maintaining duplicative files.  Furthermore, I understand that creditors' rights will not be adversely affected as this Motion seeks only administrative, not substantive, consolidation of the estates; creditors thus maintain their ability to file claims against specific Debtors.

8.      By the Motion, the Debtors also request a waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n).  The Debtors submit that the use of the proposed simplified caption without tax identification numbers and previous names will ensure a uniformity of pleading identification.  Such information is listed on each Debtor's petition which are publicly available, and will be made available by the Debtors' proposed claims agent, Prime Clerk LLC, for whom the Debtors intend to file a retention application in short order.

9.      I believe that joint administration and a waiver of the requirements imposed by section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n) will promote the fair and efficient administration of the Chapter 11 Cases, and accordingly, respectfully submit that this Motion should be approved.

[continued on the next page]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of the my knowledge, information, and belief.

Dated:    May 7, 2018
          New York, New York    Colin M. Adams
                                Chief Restructuring Officer

**<u>EXHIBIT 1</u>**

**<u>Organizational Charts</u>**

Relativity Holdings LLC (DE)
Relativity Media, LLC ("RML") (CA)
Music Division
Slate Division
Digital Division
Distribution
Fashion
Relativity Music Group, LLC (CA)
Relative Motion Music, LLC (CA)
Relative Velocity Music, LLC (f/k/a RM Velocity Music, LLC) (CA)
RML Jackson, LLC (CA)
Roguelife LLC d/b/a Relativity Digital (DE & CA)
Rogue Games, LLC (CA)
Relativity Rogue, LLC (CA)
Rogue Movie Network, LLC (CA)
Rogue Digital, LLC (CA)
Relativity Jackson, LLC (CA)
Relativity TV, LLC (CA)
TV Division
Relativity REAL, LLC (CA) d/b/a Relativity Television
Relativity Production LLC (DE)
Relativity Distribution LLC (DE)
EuropaCorp Films USA, Inc
[50%]
[50%]
Relativity EuropaCorp Distribution, LLC (DE)
[51%]
[49%]
RML DD Licensing I, LLC (DE)
Sky Land Management
[10%]
[90%]
Sky Land Entertainment Ltd. (BVI)
Sky Land Film-Television Culture Development Ltd. (Beijing)
Relativity Sky Land Asia Holdings, LLC (CA)
Relativity India Holdings, LLC (DE)
LMB Holdings Limited
[50%]
[50%]
Relativity B4U Limited (Mauritius)
RML Distribution International, LLC (CA)
RML Distribution Domestic, LLC (CA)
RMLDD Financing, LLC (CA)
RML Films PR, LLC (Puerto Rico & CA)
Relativity Foreign, LLC (CA)
RML International Assets, LLC (CA)
Relativity Senator, LLC
Relativity Fashion, LLC (NY)
Single Picture Division
100+ Single Picture SPVs
Story Development, LLC (CA)
Relativity Films, LLC (f/k/a Relativity Productions, LLC) (CA)
Relativity Development, LLC (CA)
Relativity Media Films, LLC (f/k/a Relativity Directors, LLC (f/k/a Relativity DGA, LLC)) (CA)
Relativity Film Finance, LLC (DE & CA)
Relativity Film Finance II, LLC (CA)
Relativity Film Finance III, LLC (CA)
Relativity Media Distribution, LLC (CA)
RML Film Development, LLC (CA)
Debtor
Division
Non-Debtor

Single Picture SPVs
Brothers Servicing, LLC (CA)
Brothers Productions, LLC (CA)
The Weinstein Co
[50%]
[50%]
Habory Pictures, LLC (CA)
Catfish Productions, LLC (CA)
CinePost, LLC (CA)
A Perfect Getaway, LLC (CA)
Brilliant Films, LLC (CA)*
A Perfect Getaway P.R., LLC (CA)
Dear John, LLC (SC & CA)
Dark Fields Productions, LLC (PA & CA)
Fighter, LLC (CA)
Five Continents Imports, LLC (f/k/a Knockout Films, LLC) (NM & CA)
Den of Thieves Films, LLC (CA)
Guido Contini Films, LLC (CA)
JGAG Acquisitions, LLC (CA)
3 Days to Kill Productions, LLC (CA)
Black Or White Films, LLC (CA)
In The Hat Productions, LLC (CA)
21 & Over Productions, LLC (CA)
Don Jon Acquisitions, LLC (CA)
Gotti Acquisitions, LLC (f/k/a RML Jobs, LLC) (CA)
Best of Me Productions, LLC (CA)
DR Productions, LLC (NC & CA)
Blackbird Productions, LLC (CA)
Brick Mansions Acquisitions, LLC (CA)
Furnace Films, LLC (PA & CA)
Armored Car Productions, LLC f/ka/ Loomis Fargo Productions, LLC (NC and CA)
Acquisitions
RML Acquisitions I, LLC (CA)
RML Acquisitions II, LLC (CA)
RML Acquisitions III, LLC (CA)
RML Acquisitions IV, LLC (CA)
RML Acquisitions V, LLC (CA)
RML Acquisitions VI, LLC (CA)
RML Acquisitions VII, LLC (CA)
RML Acquisitions VIII, LLC (CA)
RML Acquisitions IX, LLC (CA)
RML Acquisitions X, LLC (CA)
RML Acquisitions XI, LLC (CA)
RML Acquisitions XII, LLC (CA)
RML Acquisitions XIII, LLC (CA)
RML Acquisitions XIV, LLC (CA)
RML Acquisitions XV, LLC (CA)
RML Acquisitions XVI, LLC (CA)

RML
Single Picture SPVs
RML Bronze Films, LLC (CA)
RML Documentaries, LLC (CA)
RML DR Films, LLC (CA)
RML Escobar Films LLC (CA)
RML Damascus Films, LLC (CA)
RML IFWT Films, LLC (CA)
RML Hillsong Films, LLC (CA)
RML Hector Films, LLC (CA)
RML Lazarus Films, LLC (CA)
RML Desert Films, LLC (CA)
RML Novembe Films, LLC (CA)
RML Oculus Films, LLC (CA)
RML Our Father Films, LLC (CA)
RML Very Good Girls Films, LLC (CA)
RML Echo Films, LLC (CA)
RML Timeless Productions, LLC (CA)
RML Turkeys Films, LLC (f/ k/a RML Turkeys Acquisitions, LLC) (CA)
Safe Haven Productions, LLC (CA)
RML Scripture Films, LLC (CA)
RML Romeo and Juliet Films, LLC (CA)
Santa Claus Productions, LLC (CA)
Snow White Productions, LLC (CA)
Stretch Armstrong Productions, LLC (MI & CA)
RML WIB Films, LLC (CA)
RML Nina Films, LLC (CA)
Spy Next Door, LLC (CA)
Strangers II, LLC (CA)
War of Gods Productions, LLC (CA)
Studio Merchandise, LLC (CA)
RML Solace Films, LLC (CA)
Summer Forever Productions, LLC (CA)
The Crow Productions, LLC (CA)
Sanctum Films, LLC (CA)
Tribes of Palos Verdes Production, LLC (CA)
War of the Gods, LLC (CA)
War of Gods Distributions, LLC (CA)
Wright Girls Films, LLC (CA)
Totally Interns, LLC (CA)







